IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**VELOCITY MICRO, INC.,**

    **Plaintiff,**

v.

                                                    Case No. 3:11cv473

**J.A.Z. MARKETING, INC.,**

and

**JOHN HERTENSTEINER**

    **Defendants.**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS "COUNTERCLAIM"

Plaintiff, Velocity Micro, Inc. ("Velocity Micro"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), states as follows for its memorandum in support of its Motion to Dismiss the "Counterclaim" of J.A.Z. Marketing, Inc. ("J.A.Z. Marketing").

## ROSEBORO NOTICE

Pursuant to Local Civil Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), undersigned counsel advises J.A.Z. Marketing of the following:

1. J.A.Z. Marketing is entitled to file a response opposing this motion; any such response must be filed within twenty (20) days of the date on which this Motion to Dismiss was filed;

2. The Court could dismiss the "Counterclaim" on the basis of Velocity Micro's moving papers if J.A.Z. Marketing does not file a response;

3. J.A.Z. Marketing must identify all facts stated by Velocity Micro with which they disagree and must set forth J.A.Z. Marketing's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4.  J.A.Z. Marketing is also entitled to file a legal brief in opposition to the one filed by Velocity Micro, which has been filed with this Court.

## ARGUMENT

On December 13, 2011, John Hertensteiner, President of J.A.Z. Marketing, preceding *pro se*, filed an Answer to the Complaint filed by Velocity Micro in this action, both on his behalf and on behalf of J.A.Z. Marketing. (Dkt. No. 6). This Answer purports to attach a "Counterclaim." *Id.* at 1. However, no such pleading was attached to the Answer. Instead, it appears that the "Counterclaim" is merely a copy of a complaint filed by J.A.Z. Marketing against Velocity Micro in Minnesota state court, which is attached as "Exhibit A" to the Answer. Given that no true Counterclaim is pending, this Motion to Dismiss is likely unnecessary, and it is made only out of an abundance of caution.

To the extent that any Counterclaim has actually been filed, thereby requiring responsive pleadings, the Counterclaim should be dismissed. The purported Counterclaim was filed *pro se* by John Hertensteiner on behalf of J.A.Z. Marketing against Velocity Micro and Randall Copeland, the President and Chief Executive Officer of Velocity Micro. However, it is settled that *pro se* parties cannot represent a corporate entity such as J.A.Z. Marketing in litigation. *See, e.g., Katz v. Holland & Knight LLP*, 2009 U.S. Dist. LEXIS 10721, at *20 (E.D. Va. Feb. 12, 2009) ("This Order does not reach or decide the merits of any properly pled malpractice claim brought by a proper plaintiff, which if it is a corporation, cannot proceed *pro se*, but must be represented by counsel."); *Pension Trust Fund for Operating Eng'rs v. Joco Geospatial Cos.*, 2011 U.S. Dist. LEXIS 145169, at *3 (N.D. Cal. Dec. 16, 2011) ("[T]he answer was a nullity because a corporation cannot be represented *pro se*."). Thus, the Counterclaim, which was filed *pro se* on behalf of J.A.Z. Marketing is a legal nullity.

Furthermore, because the alleged Counterclaim is nothing more than a state court complaint pleading only causes of action under Minnesota state law, the Counterclaim fails to set

2

forth the basis for federal subject-matter jurisdiction, whether supplemental or otherwise, as is required by Fed. R. Civ. P. 8(a). *Id.* (a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support"); *see, e.g., Bell-Boston v. Crime Victims Comp. Program*, 2009 U.S. Dist. LEXIS 82925, at *4-5 (E.D. Va. Sept. 10, 2009) ("The Complaint presents neither a federal question, nor a basis for diversity jurisdiction and fails to comply with the requirements of Rule 8(a). For these reasons, the Complaint will be dismissed without prejudice . . . ."); *Rosenthal v. Fowler*, 12 F.R.D. 388, 392 (S.D.N.Y. 1952) ("That counterclaim makes no allegation of jurisdiction as required by Rule 8(a), Federal Rules of Civil Procedure. The second counterclaim is dismissed for lack of an allegation showing jurisdiction of the subject matter."). Accordingly, any pending Counterclaim must be dismissed.

WHEREFORE, Plaintiff, Velocity Micro, Inc., respectfully requests the Court to grant its Motion to Dismiss "Counterclaim," along with granting it any other and further relief that the Court deems just and proper.

**VELOCITY MICRO, INC.**


By:/s/ Timothy J. St. George
 Of Counsel

Dabney J. Carr, IV, Esq. (VSB No. 28679)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
*Counsel for Velocity Micro, Inc.*
Post Office Box 1122
Richmond, VA 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com
tim.stgeorge@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. A copy of the foregoing was also sent by U.S. Mail, postage prepaid, to:

> John Hertensteiner
> 121 Lewis Avenue South
> Watertown, MN 55388
>
> *Pro Se Defendant*
>
> Craig M. Mertz, Esq.
> P.O. Box 623
> Chanhassen, MN 55317
>
> *Non-retained counsel for Defendants*

> /s/ Timothy J. St. George
> Timothy J. St. George (VSB Bar No. 77349)
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> Richmond, Virginia 23219
> Telephone: (804) 697-1254
> Facsimile: (804) 698-6013
> tim.stgeorge@troutmansanders.com
>
> *Counsel for Velocity Micro, Inc.*